[Decided June 29, 1893.]

SOMMER v. ISLAND MERCANTILE CO.

[S. C. 33 Pac. Rep. 559.]

CHATTEL MORTGAGES—PAROL EVIDENCE.—A description in a chattel mortgage is sufficient, if by the aid of parol proof the particular property may be identified, and such proof is admissible for the purpose of applying the description, though not for enlarging it.

CHATTEL MORTGAGE—DESCRIPTION.—A description of the mortgaged property, in a chattel mortgage, as being a given number of feet of good merchantable lumber, in the yard of a designated company, on a creek named, in a given county, "being piled and ricked thereon in the usual manner, and consisting of general common lumber,"—is sufficient.

Union County: MORTON D. CLIFFORD, Judge.

Action by D. Sommer against the Island City Mercantile and Milling Company, a private corporation, for converting certain lumber on which plaintiff held a mortgage. Judgment went for plaintiff, and defendant appeals. Affirmed.

*Chas. H. Finn*, for Appellant.

*J. H. Slater & Sons*, for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

This is an appeal from a judgment rendered against the defendant in an action of trover for the conversion of

a certain lot of lumber upon which the plaintiff held a chattel mortgage. The record discloses that a motion to make the complaint more definite and certain was sustained, and that the plaintiff was allowed to amend the complaint so as to show that the mortgage was intended to cover all the lumber upon the mill yard at the time it was given. The description of the property in the mortgage is as follows: "One hundred thousand feet of good, merchantable lumber then and there being upon the lumber yard of the Elgin Lumber Company, upon what is known as Gordon Creek, in Union County, Oregon, the said lumber being piled and ricked thereon in the usual manner, the said lumber then and there consisting of general common lumber," etc. A demurrer was interposed to the sufficiency of the complaint, which was overruled. The defendant answered, denying nearly all the material allegations of the complaint, including the existence of the mortgage, and then set up affirmatively that the mortgage was taken upon a general stock of lumber, and that the mortgagors were allowed to sell the lumber so mortgaged in the usual course of business, which rendered the mortgage void. The plaintiff filed a reply, denying the material allegations of the answer, and then set up that the mortgagors had sold out of the stock, but that the lumber of which the conversion was alleged was still on the mill yard stacked and piled by itself, and also that the defendant took said lumber with express knowledge that it was covered by plaintiff's mortgage and expressly subject thereto.

The case comes here without a bill of exceptions. The notice of appeal alleges as error the overruling of the demurrer to the complaint, as well as exceptions reserved to the admission of evidence, and also to the instructions given to the jury. As there is no bill of exceptions, none of the errors assigned in the notice of appeal, which occurred in the progress of the trial, and to which exceptions

were taken, can now be considered. Unless, therefore, the complaint is wholly defective, the judgment must be affirmed. The defendant contends that the complaint does not state facts sufficient to constitute a cause of action. The objection to it is that the description of the property in the mortgage is not sufficient. A description is sufficient if it may be aided by parol proof, and the identical property covered by the mortgage identified. Parol proof is admissible to apply the description, but not to enlarge it. The description itself is conclusive as to what it is, but outside evidence is admissible to apply the description to the property mortgaged. Cobbey, Chattel Mortgages, § 153. "It is not possible," Mr. Jones says, "to describe personal property so well as to preclude the necessity of such evidence to identify it. Thus, if a mortgage be made of a pile of wood upon a certain lot of land, upon which there are also other piles of wood, resort may be had to extrinsic proof to determine which pile was intended." Jones, Chattel Mortgages, § 64, and cases cited. The object of such evidence is to apply the description to the subject matter intended to be embraced in the mortgage, but not to contradict its terms, nor bring within its operation property not fairly included within it. Within this rule there can be no difficulty in applying the description to the identical property covered by the mortgage, and intended to be embraced within it. We think, therefore, that the complaint is sufficient. This practically ends the case. There was, however, some contention at the oral argument upon the part of the defendant that the mortgage was void for the reasons set up in the defense, but if the facts alleged in the reply, namely, that the defendant took the lumber expressly subject to the mortgage, were true, such a defense cannot be maintained: *Commercial Bank* v. *Davidson*, 18 Or. 57 (22 Pac. 517). That question has been passed upon by the jury, and their decision cannot be reviewed on this appeal.

While we regret that the appellant has been unable to try the error upon which it relied, for want of a bill of exceptions, as the record stands we find no error, and the judgment must be AFFIRMED.