Argued June 27, affirmed July 9, rehearing denied September 10, 1918.

# ELWERT *v.* HANSEN.

### (173 Pac. 939.)

**Chattel Mortgages—Description—Sufficiency.**

1. A chattel mortgage, describing the property as "forty head of milk cows, two horses and harness, and lease of fifty acres executed between parties named, now in the mortgagor's possession on the W. farm," is sufficient to enable third parties to identify the property by inquiry.

> [As to the sufficiency of the description of property in chattel mortgage, see note in 14 Am. St. Rep. 239.]

**Chattel Mortgages—Record—Constructive Notice.**

2. The record of a chattel mortgage, which is sufficient to enable third parties to identify the property by inquiry, constitutes constructive notice to subsequent claimants.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

Zwald Brothers, as partners, conducted a dairy on the Westhoff farm in Washington County. On November 12, 1912, they purchased forty milk cows from Henry Anderegg and Henry Naegeli, for which they executed their joint promissory note for $4,000, secured by a chattel mortgage upon the cows, two horses and harness, and the lease of the land used by them in their business. This chattel mortgage was recorded on May 8, 1914, and on March 2, 1914, it was, for a valuable consideration, assigned to plaintiff, and assignment being recorded on May 20, 1914. Thereafter, on March 8, 1915, the cows were examined by the state veterinarian, and tested for tuberculosis and eleven of the animals referred to in the mortgage were condemned to slaughter. Under the provisions of Chapter 14, General Laws of Oregon, 1913, the owners then became entitled to indemnity for their loss

in the sum of $275, one half to be paid by the county, and the other half by the state. Such claim for indemnity was subsequently allowed and the necessary warrants drawn therefrom. In the meanwhile, the defendant Hansen had sold some cattle to Zwald Brothers on March 12, 1915, taking therefor their note in the sum of $130, and on October 19, 1915, sold them some more cattle, taking their note for $185, and at the same time had an agreement with them, to the effect that when the indemnity warrants should be issued they should be assigned to him to apply in payment of the notes held by him, and on March 10, 1916, John Zwald undertook to assign his interest in the indemnity money to Hansen. Plaintiff brings this suit seeking a decree establishing his claim, by virtue of his chattel mortgage, to the indemnity money, and for a decree that it be paid to him to be applied upon his debt.

The defendant Hansen by his answer sets up the facts upon which he claims a prior right to the money. A trial being had, there was a decree in favor of plaintiff, from which the defendant Hansen appeals.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. A. S. Dresser.*

For respondent there was a brief over the names of *Mr. Charles T. Haas* and *Mr. Joseph Woerndle,* with an oral argument by *Mr. Haas.*

BENSON, J.—1, 2. The only question presented for our consideration is, whether Elwert or Hansen has the prior right to the money due from the state and from Washington County, as indemnity for the loss of the tubercular cows. Defendant's counsel insists that the

chattel mortgage is valueless as against his claim by reason of its inadequate description of the mortgaged property.    The description of the property as set out in the instrument is as follows:

"Forty (40) head of milk cows; 2 horses and harness for same; and the Lease of 50 acres of farm land made and executed by and between Zwald Brothers and Mrs. B. Westhoff, now being in our possession on the Westhoff farm, County of Washington, State of Oregon."

This description, while it does not describe in detail the animals which are the subject of the lien, does tell what kind of animals they are, and where they are located, and tells third parties enough to enable them to go to that neighborhood and by inquiry identify the property.    This, by the weight of authority, is all that is required: *Sommer* v. *Island City Mercantile etc. Co.,* 24 Or. 214 (33 Pac. 559); Jones on Chattel Mortgages (4 ed.), § 54.    The record of the mortgage was constructive notice to Hansen, charging him with the information which he might have acquired, and the decree of the trial court is therefore affirmed.

                    AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., BEAN and JOHNS, JJ., concur.