Submitted on briefs September 19, affirmed October 15, rehearing denied November 26, 1918.

## HALDEMAN *v.* WEEKS.

### (175 Pac. 445.)

Trusts—Enforcement—Right of Action by Cestui Que Trust Against Trustee.

1. A suit by the beneficial owner of mining stock against the trustee holding it must be dismissed, where the answer admits the trusteeship, the trust has not terminated by its terms, and there have been no dividends.

Trusts—Establishment—Evidence—Must be Clear and Convincing.

2. Evidence of plaintiff's beneficial interest in notes *held* not sufficiently clear and convincing to establish a trust.

Gifts—To Parent—Proof—Equity Rule—Applicability.

3. Where the mother in a divorce settlement transfers some of her property to her daughter on the promise of the daughter, then a minor, to reconvey the same when she became of age, such reconveyance a year and a half after the daughter becomes of age does not constitute a gift to the mother, and the rule that requires a parent to prove that the transaction was *bona fide*, free from force, duress or undue influence and not manifest in gross detriment of the child's interest, does not apply.

Infants—Contracts—Ratification After Majority.

4. A minor's contract to deed to her mother lands received from her mother in a divorce settlement is voidable, and is ratified by the daughter deeding such property to her mother after becoming of age.

[As to ratification of contracts by infants after coming of age, see notes in 28 Am. Rep. 30; 18 Am. St. Rep. 606, 610.]

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

This is a suit in equity to secure a reconveyance of certain parcels of realty, and to declare a trust in the proceeds of a $5,000 note executed by the father of plaintiff to defendant, and to secure the possession of certificates of shares of stock in a coal company, and for an accounting for rents and profits on the real estate first mentioned.

In September, 1912, the father of plaintiff was being sued for divorce by defendant. At that time defendant was the record holder of title to a large amount of real estate, and negotiations were on for the settlement of the property rights outside of the divorce proceedings. The father of plaintiff was insisting upon a division of the property, which would give him one half of the real estate, and place the title to the other half in defendant and plaintiff herein. Defendant would not consent to this, and thereupon plaintiff offered defendant, if a settlement were made on the basis agreed upon by the father of plaintiff, that she would as soon as she became of age, deed to her mother her interest in said real estate. Three other conditions of the settlement were, that the then husband of defendant should give a note for $5,000 to defendant, and also turn over two certificates of stock in a coal company, one to said defendant in her own right, and the other to defendant as trustee for plaintiff, and give to plaintiff and defendant the income for five years from a farm near Portland wherein plaintiff and defendant were to be possessed of an undivided one-half interest. This agreement was evidenced by the execution of a formal agreement for the division of the property and the making of deeds to trustee, and after the decree of divorce was granted, conveyances were made and de-

livered and the entire agreement carried out. On May 15, 1914, plaintiff became of legal age, and on or about November 3, 1915, she was married. About two weeks before said marriage plaintiff made and executed deeds to the defendant conveying all of her interest in the real property given by the divorce settlement, which deeds being found defective were destroyed. About three days before said marriage new deeds for the same purpose were executed and delivered. After being married, plaintiff and her husband resided with defendant. On April 1, 1916, plaintiff assigned her interest in an insurance policy on improvements on one of the parcels of realty in question to defendant. In the following May, through a disagreement, plaintiff and her husband were asked by defendant to leave her home. The following August this suit was commenced without notice to defendant other than the bringing of the suit, which is founded in fraud and undue influence, and further seeks to set aside the transfer on the ground that the relation of parent and child does not permit gifts from child to parent to the material disadvantage of the child. A verbal trust is also sought to be declared in the proceeds of the $5,000 note made out to defendant alone, and by the terms of the property settlement to be paid to defendant. There was a decree for defendant and plaintiff appeals.

AFFIRMED.

For appellant there was a brief submitted by *Mr. Wilson T. Hume.*

For respondent there was a brief submitted by *Mr. Plowden Stott* and *Messrs. Malarkey, Seabrook & Dibble.*

OLSON, J.—The relief sought in this suit covers four items. (1) A certificate for 8108 shares of the capital stock of the Big Hill Coal Mining Company. (2) A $5,000 note executed by F. O. Weeks, father of appellant, to respondent as part of the property settlement. (3) Certain parcels of realty in Portland and adjoining thereto, and (4) the rents and profits of a farm near Portland, in which, by the terms of the property settlement, appellant and respondent were given an undivided one-half interest as tenants in common for a period of five years from date of settlement.

1. As to the first item the evidence discloses that such certificate was made out to respondent as trustee. The answer of respondent admits that appellant is the beneficial owner thereof. There having been no dividends, no evidence was presented that the trust by terms has terminated, so nothing further need be said on this point.

2. As to the second item, the exhibits and other evidence show that this note was made to respondent as sole payee; that by the terms of the property settlement it was to be paid to respondent alone, and that the payments were so made by F. O. Weeks, the maker, to respondent, without objection and without inquiring whether appellant was receiving any of the proceeds. The evidence, however, is not convincing as to such prior understanding, and no trust should be declared except on clear and convincing evidence. Counsel for Weeks in the divorce settlement, testifying for appellant, says that F. O. Weeks requested the note to be made out to appellant and respondent jointly; that respondent refused and would not change the note; that she refused to incur the obligation of accounting for the proceeds, and that upon said refusal F. O. Weeks executed the note.

3, 4. As to the third item, counsel have contended for the well-known rule of law that a court of equity will guard the rights of children while standing in the relation of parent and child, and will closely scrutinize gifts from child to parent requiring the parent to prove that the transaction was *bona fide,* free from force, duress or undue influence and not manifest any gross detriment of the child's interest. It seems, however, that this rule does not apply to the case at bar. This was not a gift. At the time of the divorce property settlement, appellant had no rights to this property. She was not entitled to alimony or a property settlement. The property was partially put in her name only after she had promised respondent to deed it back as soon as she became of age. The contracts of a minor are generally not void but voidable, and this agreement was merely voidable. About a year and a half after becoming of age, after appellant had been out in the world and taught school for eight or nine months (the standard experience to cultivate self-reliance and independent action), after appellant was engaged and about to marry, she consummated the agreement made when the original property settlement was made, and conveyed her interest in the realty to respondent. The evidence fails to show fraud, duress or undue influence. The deeds were made at two different times with at least three trips to the notary taking the acknowledgments. Nearly six months later appellant transferred the insurance on a portion of the property. About a month later the farm was partitioned between respondent and F. O. Weeks with appellant's knowledge, and no objection on the part of F. O. Weeks or appellant, nor was appellant required to sign said partition, or agreement, or consent thereto, or execute any further waiver. It

seems conclusive that appellant, while holding title to an interest in said realty, was not a beneficial owner thereof but the mere holder of title to an interest therein, and that the reconveyance of said interest was not a gift as no consideration is required for the conveyance of a bare legal title other than the expressed or implied promise to so convey.

As to the fourth item, the rents and profits of the farm were reserved to appellant and respondent in the deeds given, pursuant to the settlement agreement. They were conveyed to respondent by her deeds November 1, 1915, at which time there were no uncollected rents. Appellant was not a beneficial owner of the realty, and it follows therefore that the decision as to the third item necessarily decides the fourth, and no accounting for such rents and profits should be had.

The trouble between mother and daughter arose over F. O. Weeks. He was active in this suit in the court below and furnished the bond on appeal. The daughter has transferred allegiance to her father. The acts of both father and daughter prior to the trouble between appellant and respondent in May, 1916, are inconsistent with the charges of appellant and testimony of F. O. Weeks. There is no special reason for equity to interfere and reduce the amount of property respondent retained in her divorce property settlement.

The decree of the lower court is affirmed.

AFFIRMED.   REHEARING DENIED.

BURNETT, J., concurs in the result.