Argued April 1, affirmed May 20, 1924.

ERNEST E. HYLAND *v.* OREGON AGRICULTURAL CO.

(225 Pac. 728.)

**Evidence—Parol Evidence cannot Supply Omitted Term or Make Definite That Left Indefinite or Show Intent of Parties not Found in Contract.**

1. While generally every fact to which a document refers may be proved, parol evidence is not admissible to supply omitted term,

---

1. General rule that parol evidence not admissible to vary, add to or alter a written contract, see notes in 11 Am. St. Rep. 394, 894; 17 L. R. A. 270.

See 13 C. J., p. 525; 22 C. J., pp. 1102, 1183, 1186, 1271; 36 Cyc. pp. 588, 591.

or to make definite and certain that left indefinite and uncertain, or to show intent of parties if it cannot be found in the contract.

### Evidence—Presumed Parties Expressed Whole Undertaking in Written Agreement Complete in Itself.

2.   Where parties have fairly entered into a written agreement which is complete in itself, it is conclusively presumed as between them and their privies that the whole engagement was reduced to writing, and in such case parol evidence is inadmissible to add to, subtract from, vary or contradict terms of written agreement or to control its effect; all prior or contemporaneous oral negotiations being regarded as merged in the written agreement.

### Contracts—Court Powerless to Make New Contract for Parties.

3.   Where the parties have made no certain and definite contract, the court is powerless to make one for them.

### Specific Performance—Court Held Unauthorized to Compel Payment of Money on Failure of Defendant to Procure Assignments of Contracts for Which Credit was to be Allowed.

4.   Where contract for exchange of property provided that defendant was to procure for plaintiff an assignment of a certain land contract and a mortgage, for which defendant was to receive a credit for each, in a certain amount, but did not provide that on his failure to secure the assignments the amounts should be paid in any other manner, *held*, that upon defendant's failure to procure such assignments the court could not require defendant to pay the amounts in money.

### Evidence—When Identity of Subject Matter is Uncertain, Contract is Void and Parol Evidence not Admissible.

5.   When identity of subject matter of a contract is wholly uncertain, contract will be void for that reason and cannot be aided by parol evidence to show what was intended to be expressed.

### Specific Performance—Description of Property to be Conveyed Held so Indefinite as to Preclude Specific Performance.

6.   Description of property to be conveyed to plaintiff under a contract to exchange properties *held* so vague and uncertain as to preclude specific performance of contract.

From Multnomah: JOHN McCOURT, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Conrad P. Olson* and *Mr. James R. Bain*, with an oral argument by *Mr. Olson*.

For respondent there was a brief over the name of *Messrs. Winter & McGuire,* with an oral argument by *Mr. J. P. Winter.*

RAND, J.—Plaintiff commenced suit to obtain a decree requiring the defendant to specifically perform a written contract whereby the plaintiff undertook to sell and convey a wheat farm in Adams County, Washington, to the defendant for the sum of $85,000, and the defendant undertook to pay said sum in money and notes and by the assumption of mortgages and the transfer to plaintiff of other property. The plaintiff has at all times been ready, able and willing to perform and has tendered complete performance upon his part, but the defendant has wholly failed and refused to perform upon its part, and the contract is wholly executory upon both sides. After the trial in the court below the Circuit Court refused to enter a decree awarding to plaintiff the relief of specific performance upon the ground that the description in the contract, of the property which the defendant undertook to convey to the plaintiff, was so indefinite and uncertain that it could not be identified, and entered a decree dismissing plaintiff's complaint.

The contract provides that in addition to the payment of money and the execution and delivery of notes and defendant's assumption of the mortgages on plaintiff's land, the defendant would transfer four certain properties for which it was stipulated it was to be credited upon the purchase price of the farm with certain definite sums but it contained no provision that said sums should be paid in cash in case the defendant failed to make said transfers. These four items of property and the credits which the defend-

ant was to receive for a transfer thereof are described in the contract in these words:

"1. By conveyance by proper assignment of contracts from Northern Pacific R. R. Co. to said first party, 1280 acres of logged-off land situated in Cowlitz and Clarke Counties, Washington; clear of all encumbrances, at a figure of $12,000.

"2. By conveyance by proper warranty deed to said first party, certain real property on Dekum Avenue, Portland, Oregon, irregular in shape and located at the intersection of Claremont and Dekum Avenues, together with improvements thereon situate, consisting of a two-story frame building, at a figure of $6,000, encumbered in the principal sum of $2,500 mortgage in good standing, equity $3,500.

"3. One certain contract of purchase dated 9-21-15, by and between Nils H. Hansen and Otilda H. Hansen, husband and wife, as sellers, and H. Ashley Ely, as purchaser, covering 154 2/3 acres of land in Pacific County, Washington, part being suitable cranberry land, as recently shown by H. Ashley Ely, contract bearing 6 per cent interest and provided for annual payments of $500 each. Balance due on contract $12,466.66.

"4. Assignment without recourse, one certain first mortgage of record on 160 acres of land in Morrow County, Oregon $1,500."

The amended complaint sets forth and particularly describes a certain tract of 1,280 acres of logged-off land and a certain mortgage, and alleges that it was this particular land and mortgage concerning which the parties intended to contract and and to describe in subdivisions 1 and 4 of the contract. These allegations were put in issue by the answer, and upon the trial plaintiff offered parol evidence tending to prove the allegations of his amended complaint, but notwithstanding this parol evidence the court held that neither the property nor the mortgage could be identi-

fied from any description to be found in the contract, and therefore that the contract was one which could not be specifically enforced. The correctness of this ruling is the sole question necessary for determination upon this appeal.

1. As a general rule, in order to ascertain the relation of the words of a document to facts, every fact may be proved to which it refers or may probably have been intended to refer or which identifies any person or thing mentioned in it: Reynolds' Steph. Ev., Art. 91; 3 Jones' Com. Ev., § 451. "But parol evidence can never be given to supply an omitted term or make definite and certain that which the parties left indefinite and uncertain; in a word, parol evidence cannot show the intent of the parties if it cannot be found in the contract. Parol evidence can only be used to 'fit the description to the land.' " 2 Pomeroy's Eq. Rem., § 766. In a footnote in 9 Ency. of Ev., page 446, the following excerpt taken from *Blow* v. *Vaughan,* 105 N. C. 198 (10 S. E. 891), is quoted with approval: "The test of the admissibility of evidence *dehors* the deed is involved in the question whether it tends to so explain some descriptive word or expression contained in it, as to show that such phraseology, otherwise of doubtful import, contains in itself, with such explanation, an identification of the land conveyed." The authors then say: "The rule is founded on the maxim *'Id certum est, quod certum reddi potest.'* " On the following page the authors say: "Words of general description may be sufficient to permit the admission of parol evidence to apply the same to the property intended to be conveyed and thus to identify it. A description by a name or designation generally known in the locality

may be sufficient, however vague the description may appear.''

2. It is a substantive rule of law that as between the original parties to a contract and their privies, in the absence of fraud, mistake in fact or illegality in the subject matter of the contract, where the parties have entered into a contract which is complete in itself and which has been reduced to writing, it is ''conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing''; and that parol evidence, that is, evidence extrinsic to the writing itself, is inadmissible for the purpose of adding to, subtracting from, altering, varying or contradicting the terms of the written contract or to control its legal operation or effect, and that all oral negotiations or stipulations between the parties preceding or accompanying the execution of the written contract are regarded as merged in it: 1 Greenl. Ev. (16 ed.), § 275; *Looney* v. *Rankin,* 15 Or. 617 (16 Pac. 660); *Tallmadge* v. *Hooper,* 37 Or. 503 (61 Pac. 349, 1127); *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135); *Gill* v. *Columbia Contract Co.,* 70 Or. 278 (141 Pac. 163); *Interior Warehouse Co.* v. *Dunn,* 80 Or. 528 (157 Pac. 806); *Wallace* v. *Oregon Engineering Co.,* 90 Or. 31 (174 Pac. 156, 175 Pac. 445).

The defendant, by the terms of the contract sought to be specifically enforced, undertook to procure for plaintiff the assignment of 1,280 acres of logged-off land free of all encumbrances, and the only description of the land is that it shall be ''logged-off land situate in Cowlitz and Clarke Counties, Washington.'' This description would apply to any parcel of logged-off land of that acreage situate partially in both counties for which assignments from the Northern Pacific

Railroad Company could be procured. What land was referred to cannot be ascertained by any words, phrase or expression to be found in the contract itself, and for that reason it is impossible to identify the land without the use of extrinsic evidence adding to the contract terms which cannot be found in it. In other words, it would be necessary first to supply a description and then to apply that description to some particular land.

The same is true of the mortgage referred to in subdivision 4. Defendant undertook to obtain for the plaintiff an "assignment without recourse (of) one certain first mortgage of record on 160 acres of land in Morrow County, Oregon." This description would apply to any mortgage securing any sum of money on any 160 acres of land in Morrow County, Oregon, provided that mortgage was of record.

3, 4. For the logged-off land the defendant was to receive a credit of $12,000, and for the mortgage a credit of $1,500. The contract contains no provision that in case these assignments were not secured these amounts should be paid in any other manner. They have not been obtained. Plaintiff suggests that as the defendant has breached its contract the courts should require the defendant to pay these amounts in money. This, in effect, would be the making of a new contract for the parties which is a thing a court is powerless to do.

"If the parties have made no certain and definite contract the court is powerless to make one for them." *Gaslight & Coke Co.* v. *City of New Albany*, 139 Ind. 660 (39 N. E. 462). In a suit for specific performance, it is "one of the fundamental rules of specific performance that performance will not be decreed where the contract is not certain in its terms." *Klein-*

*schmidt* v. *Central Trust Co.,* 103 Or. 124 (203 Pac. 598). "The contract itself must be specific enough to serve as the foundation of a specific decree. The court cannot be wiser than the parties themselves or go more into detail than they have marked out for their conduct or make a new contract for them." *Feenaughty* v. *Beall,* 91 Or. 654, 667 (178 Pac. 600, 604). "It is essential to the jurisdiction of a court of equity to enforce the performance of a contract that the contract shall be complete and definite and belong to a class capable of being specifically enforced, and that the contract shall be of such nature that the court can decree its complete performance against both parties without adding to its terms." Note, 140 Am. St. Rep., p. 56.

In the two cases last cited, the following rule taken from *Colson* v. *Thompson,* 2 Wheat. (U. S.) 336, 340 (4 L. Ed. 253, see, also, Rose's U. S. Notes), was quoted with approval:

"The contract which is sought to be specifically executed, ought not only to be proved, but the terms of it should be so precise as that neither party could reasonably misunderstand them. If the contract be vague or uncertain, or the evidence to establish it be insufficient, a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy."

The rule controlling this decision has been repeatedly stated in various terms by this court. In *House* v. *Jackson,* 24 Or. 89 (32 Pac. 1027), this court said: "The description contained in the agreement must be so definite as to show what the purchaser supposed he was contracting for and what the vendor intended to sell." In *Sommer* v. *Island Mercantile Co.,* 24 Or. 214 (33 Pac. 559), this court said: "A description is sufficient if it may be aided by parol proof, and the

identical property covered by the mortgage identified. Parol proof is admissible to apply the description, but not to enlarge it. The description itself is conclusive as to what it is, but outside evidence is admissible to apply the description to the property mortgaged." In *Knight* v. *Alexander*, 42 Or. 521 (71 Pac. 657), this court said: "Courts do not permit parol evidence to be given to describe the property intended to be included in the contract and then apply such description to the terms thereof."

5. That parol evidence first to supply the description and then to apply it is not admissible in other jurisdictions is held in 9 Ency. of Ev. 396; *Ferguson* v. *Staver*, 33 Pa. St. 411; *Peart* v. *Brice*, 152 Pa. St. 277 (25 Atl. 537); *Preston* v. *Preston*, 95 U. S. 200 (24 L. Ed. 494, see, also, Rose's U. S. Notes); *Ferguson* v. *Blackwell*, 8 Okl. 489 (58 Pac. 647); *Dougherty* v. *Chesnutt*, 86 Tenn. 1 (5 S. W. 444). In the interpretation of a contract it is the duty of the courts, says Mr. Greenleaf, "to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of words they have used. It is merely a duty of interpretation; that is, to find out the true sense of the written words, as the parties used them; and of construction, that is, when the true sense is ascertained, to subject the instrument, in its operation, to the established rules of law." Where the language of a contract is expressed in such vague and indefinite terms that the identity of the subject matter is wholly uncertain, it will be void for uncertainty and cannot be aided by parol evidence to show what was intended to be expressed. "If the subject matter is so certainly described and specified that it can be ascertained and rendered sufficiently definite by parol evi-

dence of extrinsic facts—that is, identified as the subject matter of the writing—then such evidence is admissible.   There must, however, be sufficient body in the description to have the writing in its application rest thereon and not essentially on parol testimony.''   9 Ency. of Ev. 396.

6. Tested by these rules, the description of the property to be conveyed and transferred to the plaintiff is so vague and uncertain that the contract cannot be specifically enforced.

For these reasons the decree of the Circuit Court must be affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.