Argued November 4; affirmed November 13, 1941

# WILLAMETTE PRODUCTION CREDIT ASSOCIATION *v.* DAY ET AL.

(118 P. (2d) 1058)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*John H. Carson*, of Salem (Carson & Carson, of Salem, and Roy F. Shields, of Portland, on the brief), for appellants.

*Asa L. Lewelling* and *Custer E. Ross*, both of Salem, for respondent.

BAILEY, J. This suit was instituted by Willamette Production Credit Association, a corporation, against Robin D. Day, Janice Day, his wife, and Ladd & Bush, a corporation, to foreclose a chattel mortgage given by the defendants Day to the plaintiff corporation. From a decree in favor of the plaintiff and against the defendants Day, the latter have appealed.

Under date of May 10, 1937, Robin D. Day and his wife borrowed from the plaintiff corporation the sum of $8,500 and as evidence thereof these defendants made, executed and delivered to the plaintiff their promissory note for the sum so borrowed, payable December 15, 1937, with interest from date at the rate of five per cent per annum. In order to secure the payment of this note and any future advances to be made by the plaintiff to the defendants Day, the Days under date of May 10, 1937, made, executed and delivered to the plaintiff a chattel mortgage which, in so far as material here, provides as follows:

"That the mortgagor, to secure the payment of the sum of eight thousand five hundred and no/100 dollars ($8,500.00) according to the terms of a certain promissory note executed by mortgagor to mortgagee, described as follows:

"Amount of Note
"$8,500.00

Date of Note
May 10, 1937

"Maturity Date
"December 15, 1937

Rate of Interest
5%

together with any additional sum not exceeding $2,000.00 hereafter advanced or expended by the mortgagee or its assignee for the maintenance or transportation of said property, or for any purpose connected with said property, or for any advances to or for the mortgagor during the life of this mortgage, and/or according to the terms of any renewal thereof, does hereby mortgage unto said mortgagee certain personal property hereinafter described, now located in the state of Oregon, in the county or counties of Marion: [Here are inserted descriptions of various items of personal property.]

&ast;  &ast;  &ast;  &ast;  &ast;

"This mortgage also includes all of mortgagor's undivided interest in all . . . crops sown or to be sown, standing, growing or to be grown, planted, cultivated or harvested during the year 1937 & 1938 on all lands owned and/or operated by mortgagor in Marion county, Oregon, . . .

&ast;  &ast;  &ast;  &ast;  &ast;

"It is agreed that advances are contemplated hereunder, and that when made by the mortgagee before or after assignment hereof, or made by an assignee, shall be secured by the lien of this mortgage. The mortgagor agrees that upon demand he will execute notes payable to the mortgagee or its assignees evidencing such advance or advances. It is agreed that in case such further advances are so made, the indebtedness evidenced by the notes herein described shall be preferred over any subsequent advances; and such subsequent advances shall be preferred in the order in which they are made. &ast; &ast; &ast;"

In addition to the $8,500 loaned by the plaintiff to the defendants Day on the execution of the note described, the plaintiff during the year 1937, and on or about October second of that year, advanced to or on behalf of the defendants Day the further sum of $690,

evidenced by a further promissory note executed by the Days to the plaintiff, dated October 2, 1937, and payable December 15, 1937.

At the time this suit was instituted there was due on the principal of the $8,500 note the sum of $5,189.36, with interest thereon at the rate of five per cent per annum from May 10, 1937; and on the $690 note, the entire principal with interest from October 2, 1937.

The defendants Day admit the execution of the two notes and the mortgage above mentioned, and do not question the amount of the unpaid balance of either note. As a defense they set forth in their answer a counterclaim in which it is alleged that the defendants Day on the date of the execution of the mortgage were the owners of the real and personal property described in the complaint, and "that on said date defendants Day maintained upon said real property a large hop yard; and that said hop yard was the principal concern in the operation of said real property and in the use of said personal property thereon." It is then alleged that prior to the date of the mortgage the defendants, in order to obtain necessary financing to produce hops in 1937 on the real property described, applied to the plaintiff for a loan.

Paragraphs III and IV of the answer thus read:

"That thereafter plaintiff undertook to prepare a chattel mortgage to secure the repayment of said loan so to be made and submitted the same to defendants Day in the form which appears as 'Exhibit A', to said amended and supplemental complaint herein; that at said time defendants Day objected to the inclusion in said chattel mortgage of crops to be grown upon said real property in the year 1938, inasmuch as the loan so to be made contemplated the production of a crop in 1937 only.

"That in order to induce the defendants Day to accept said chattel mortgage in said form, plaintiff informed said defendants Day that it had said clause put into its said mortgages for the reason that many farmers had secured a loan for one year only and failed to produce sufficient crops to pay that year's loan and the following year went elsewhere for their money, giving the plaintiff organization no opportunity to recover its losses, and that it was the policy of the plaintiff to take a chattel mortgage for two years and to make advances for the growing of crops for two years; and thereupon plaintiff agreed with defendants Day that, notwithstanding the inclusion of the crop to be grown on said real property in the year 1938, plaintiff would, during the growing season of said hop crop, advance to defendants Day the necessary money with which to cultivate, harvest, cure and bale the hop crop to be grown on said real property in the year 1938."

The answer further alleges that on account of market conditions affecting hops it was impossible for the defendants Day in the fall of 1937 or thereafter to sell the hops produced by them in the year 1937, at a price sufficient to cover the cost of production; that in the spring of 1938 the defendants Day applied to the plaintiff for the money necessary to produce a hop crop in 1938; that the plaintiff refused to advance any further sum of money to them; that the plaintiff refused to "release its apparent lien on the 1938 crop in order that the defendants Day might procure the money to produce said crop elsewhere"; that because of the refusal of the plaintiff to advance to the defendants Day any further sum of money, or release its lien, or subordinate its lien on the 1938 crop so as to permit the defendants to obtain a loan on the security of that crop, the defendants Day had been prevented from producing in 1938 the crop which would have been possible if they

had been adequately financed; and that thereby the defendants Day were damaged in the sum of $4,188.64.

The circuit court awarded the plaintiff judgment against the defendants Day for the unpaid balance of each of the two notes above mentioned, together with interest thereon, attorneys' fees and costs, and ordered the property covered by the mortgage to be sold.

According to the allegations of the answer of defendants Day, the plaintiff, prior to their executing the mortgage and as additional consideration therefor, agreed with the Days that it, the plaintiff, would "advance to defendants Day the necessary money with which to cultivate, harvest, cure and bale the hop crop to be grown on said real property in the year 1938."

Section 2-214, O. C. L. A., provides as follows:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute. But this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in section 2-218, * * * or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

No mistake or imperfection of the written agreement here involved is put in issue by the pleadings; nor do the defendants Day allege or attempt to prove any "illegality or fraud" in the contract between them-

selves and the plaintiff or in its execution. Their effort is to prove that there was a valid contract between themselves and the plaintiff by the terms of which the plaintiff agreed to make advances for producing and processing their 1938 hop crop. They attempt to establish such a contract by asserting that the mortgage is ambiguous and introducing parol evidence to supply the terms of the agreement claimed by them.

The defendants Day direct attention to the paragraph of the mortgage stating that, "It is agreed that advances are contemplated hereunder", and assert that the instrument is ambiguous in respect to what advances are intended. This paragraph has hereinabove been quoted in full. When it is read in connection with all the other provisions of the mortgage there can be no doubt that the advances "contemplated" refer to and are limited to "any additional sum not exceeding $2,000.00 hereafter advanced or expended by the mortgagee or its assignee" for or on behalf of the mortgagors. The purpose of the provision regarding contemplated advances is to require the mortgagors to execute further promissory notes evidencing additional advances, if any be made within the specified limit of $2,000, and to establish the relative priorities of such advances. The maximum amount which the plaintiff agreed to lend to the defendants Day on the security of the mortgage executed by them was not in any event to exceed $10,500, that is, the $8,500 advanced to them on May 10, 1937, and a contingent further loan of not more than $2,000.

The defendants Day seek by parol evidence to remove from the mortgage the limitation of $2,000 on future advances and to substitute therefor an indefinite amount, to-wit: a sum sufficient to cultivate and har-

vest their 1938 hop crop. They would also vary the terms of the mortgage which make any future advances by the mortgagee optional, by substituting therefor an oral stipulation requiring the mortgagee to advance to them whatever sum they might need for ·cultivating and harvesting their 1938 crop.

■ The verbal negotiations between the defendants Day and the plaintiff preceding or accompanying the execution of the mortgage are merged in the writing: § 2-214, *supra; Leavitt & Company v. Dimmick*, 86 Or. 278, 284, 168 P. 292; *Sund & Co. v. Flagg & Standifer Co.*, 86 Or. 289, 168 P. 300; *John Deere Plow Co. v. Silver Manufacturing Co.*, 118 Or. 62, 69, 216 P. 743, 245 P. 1083; *Kane et al v. Kane et al.*, 134 Or. 79, 85, 291 P. 785.

■ The mortgage here involved is complete and not ambiguous. Therefore, parol evidence of prior or contemporaneous additional stipulations is not admissible to vary its terms or their legal effect: § 2-214, *supra; Gill v. Columbia Contract Co.*, 70 Or. 278, 141 P. 163; and cases hereinabove cited. This court in *Hyland v. Oregon Agricultural Co.*, 111 Or. 212, 217, 225 P. 728, observed:

"It is a substantive rule of law that as between the original parties to a contract and their privies, in the absence of fraud, mistake in fact or illegality in the subject-matter of the contract, where the parties have entered into a contract which is complete in itself and which has been reduced to writing, it is 'conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing'; and that parol evidence . . . is inadmissible for the purpose of adding to, subtracting from, altering, varying or contradicting the terms of the written contract or to control its legal operation

or effect, and that all oral negotiations or stipulations between the parties preceding or accompanying the execution of the written contract are regarded as merged in it:'' citing authorities.

See also, in this connection, *Marks v. Twohy Bros. Co.*, 98 Or. 514, 527, 194 P. 675, and *Kane et al. v. Kane et al.*, supra.

It is our opinion that no error was committed by the circuit court. The decree appealed from is accordingly affirmed.