## W. N. WILKINSON *v.* M. P. WEBB.

1. **DEEDS.** *Description. Ambiguity.*

Deeds describing the property conveyed in one instrument as "lot 36 in the town of Webb, Tallahatchie county, Miss.," in another as "lot 36 in the village of Webb, Tallahatchie county, Miss.," and in another as "lot 36 in the town of Webb," are not void for uncertainty, since judicial cognizance is taken of the municipal subdivisions of the state, and that they are in the counties to which they belong.

2. **SAME.**

The presumption that aids and makes good the description, "lot 36, in the town of Webb," is strengthened by recitals in the deed containing the same, to the effect that the grantor resided in Tallahatchie county, Miss., and that the beneficiary did business at Webb, in that state, and by the fact that the deed is dated at "Webb, Miss.," and was acknowledged before a justice of the peace of said county and state.

3. **SAME.** *Abbreviation, "Miss."*

The abbreviation, "Miss.," following the words "lot 36, in the town of Webb, Tallahatchie county," in a deed of conveyance, presumptively and necessarily means the state of Mississippi.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*Eskridge & Dinkins,* for the appellant.

If the description employed in the several deeds under review expresses only a latent ambiguity, it must be treated as sufficient under the agreement of counsel, as it could be readily shown by parol evidence to what land it was intended to have application. But the description, "Lot 36, in the town of Webb," is patently ambiguous. *Haughton* v. *Sartor,* 71 Miss., 357; 2 Am. & Eng. Enc. L. (2d ed.), 288, 289.

The case of *Peacher* v. *Strauss,* 47 Miss., 353, relied on by appellee, is, we think, overruled by *Haughton* v. *Sartor, supra,* which expressly overrules *Foute* v. *Fairman,* 48 Miss., 536, in which *Peacher* v. *Strauss,* is referred to as authority.

The cases of *Hanna* v. *Renfro,* 32 Miss., 125, and *Lewis* v. *Seibles,* 65 Miss., 251, are without application, as they involve tax collectors' deeds, which rest upon a different footing.

On the other hand, the description, "Lot 36, in the town of Webb, Tallahatchie county, Miss.," is free from doubt.

*James Stone,* for the appellee.

The description, "Lot 36, in the town of Webb," does not contain a patent ambiguity. *Hanna* v. *Renfro,* 32 Miss., 125; *Peacher* v. *Strauss,* 47 *Ib.,* 353; *Foute* v. *Fairman,* 48 *Ib.,* 550; *Bowers* v. *Andrews,* 52 *Ib.,* 600; *Lewis* v. *Seibles,* 65 *Ib.,* 251. In *Haughton* v. *Sartor,* 71 Miss., 357, the deed omitted the range in which the land was situated, and the court held the description to be void, relying on *Bowers* v. *Andrews,* and criticising the opinion in that case because *Foute* v. *Fairman* was not expressly overruled, and did then expressly overrule it without referring to *Peacher* v. *Strauss* or *Lewis* v. *Seibles.*

It thus appears the doctrine announced in *Hanna* v. *Renfro* is correct, and has been expressly approved in *Lewis* v. *Seibles,* and it must follow that the case of *Peacher* v. *Strauss* stands upon a different footing from that of *Foute* v. *Fairman.* The court is compelled to take notice that there is more than one

section of the same number in every county, and, therefore, upon the face of the instrument, it must appear that the description is bad. While in *Peacher* v. *Strauss* the court could not tell from the face of the instrument whether there was more than one lot "5" in the town of Jackson, or more than one town of Jackson. If not, then the description was clearly good, and as this fact must appear by extrinsic evidence, the same character of evidence became admissible to show what lot 5 and what town of Jackson were meant by the grantor.

Since the evidence in this case shows that there is more than one lot 36, and more than one town of Webb, other extrinsic evidence may be adduced to show what land was meant by the parties. *Bowers* v. *Andrews, supra*; *Brown* v. *Guice*, 46 Miss., 299; *Peacher* v. *Strauss, supra*.

Terral, J., delivered the opinion of the court.

The plaintiff sued the defendant, in ejectment, for lot No. 36, in the town of Webb, Tallahatchie county, state of Mississippi. The case was submitted to the court without a jury, and it found a verdict for the defendant, and entered judgment accordingly.

To maintain his cause, the plaintiff, among other evidences of title, introduced a deed of trust executed by F. S. Crow to W. T. Marshall, trustee, describing the lot sued for as "Lot 36, in the town of Webb, Tallahatchie county, Miss.," and it was objected to for uncertainty, because it did not describe the lot as being in the state of Mississippi.

The defendant, on her side, among other evidences of title, introduced a deed of trust made by D. R. Crow to J. R. McCullough, trustee, for "Lot 36, in the town of Webb," omitting both state and county. The trust deed, however, is dated at "Webb, Miss.," and it describes the beneficiary, J. L. Webb, as doing business at Webb, Tallahatchie county, Miss. She also introduced a deed from R. B. Rice to herself, for "Lot 36, in the

village of Webb, Tallahatchie county, Miss.," thus omitting the state of Mississippi, unless it is included in the abbreviation, "Miss."

It was agreed that if parol evidence was admissible to supply the uncertainty in the aforesaid description of lot 36, that each party could prove that the intention was to convey lot 36, in the town of Webb, Tallahatchie county, state of Mississippi.

It was also agreed that the United States postoffice official guide shows more than one town of the name of Webb in the United States.

In *Lewis* v. *Seibles*, 65 Miss., 251, the court said: "The omission of county and state in a tax collector's deed is no ambiguity at all. The presumption of the performance of official duty by the officers charged with the assessment and collection of taxes should be indulged, and is sufficient to supply the county and state when omitted from a tax collector's deed."

Mr. Greenleaf says the courts of a state will take notice, without proof, of the local divisions of the state, as into counties, cities, towns, etc. 1 Greenl. Ev., sec. 6.

In *Vanderwerker* v. *People*, 5 Wend., 530, it was said the court takes judicial cognizance of the towns in the state, and that they are in the counties to which they belong by law.

In *Harding* v. *Strong*, 42 Ill., 148, the premises intended to be conveyed were described as "those certain tracts or parcels of land situated in the Haley addition to the city of Monmouth, known as lot five, in block one, and lot seven, in block ten, in south addition to said city," omitting the county and state, and it was held that the deed was valid, and that the presumption was that Monmouth was in Warren county, state of Illinois. A like presumption was held to be sound in *Long* v. *Wagoner*, 47 Miss., 178, and in *Butler* v. *Davis*, 5 Nebraska, 521.

The presumption that the description, "Lot 36, in the town of Webb," as contained in the trust deed of D. R. Crow to J. R. McCullough, trustee, is intended to apply to the town of

Webb, Tallahatchie county, state of Mississippi, is increased, if need be, by the circumstances that the deed is dated at Webb, Miss., describes Dr. Crow, the grantor, as being of Tallahatchie county, Mississippi, and J. L. Webb, the beneficiary, as doing business at Webb, in said state, and is acknowledged before a justice of the peace of said county and state.

The abbreviation, "Miss.," following Tallahatchie county, in the trust deed of F. S. Crow to W. T. Marshall, trustee, presumptively and necessarily means the state of Mississippi.

We approve the decision of the circuit court, and its judgment is                                                  *Affirmed.*