THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BECK.

[No. 18,235.  Filed April 7, 1899.]

PLEADING.—*Complaint for Damages for Wrongful Appropriation of Real Estate.*—In an action against a railroad company for the wrongful appropriation of certain lands, a complaint alleging that plaintiff is the owner in fee, and was in peaceable possession under claim of title of described lands of a certain value, and that defendant wrongfully appropriated such lands to its own use, whereby damages were sustained by plaintiff, for which damages judgment is demanded, states a cause of action sufficient to withstand a demurrer.  *p. 424.*

PRACTICE.—*Complaint for Wrongful Appropriation of Land.*—*Motion to Strike Out.*—In an action against a railroad company it is not error to refuse to strike from the complaint an averment that in the use by the railroad company of the switch or side-track constructed by it on the land appropriated, " a great noise was kept up, and that such use occasioned confusion and detriment to the plaintiff." *p. 424.*

Pittsburgh, etc., R. Co. v. Beck.

PRACTICE.—*Overruling Motion to Strike Out.—When Harmless.*—The refusal of the court to strike out a part of a complaint alleging that damages resulted from particular facts is harmless, where the special verdict returned by the jury shows that no damages were allowed on that account.  *p. 424.*

SAME. — *Motion to Paragraph Complaint. — When Properly Overruled.*—A motion to separate complaint into paragraphs is properly overruled, where but a single cause of action is stated.  *p. 424.*

APPEAL.—*Error in Overruling Motion to Paragraph —When Harmless.*—Error in overruling a motion to require complaint to be separated into paragraphs is not reversible unless it appears that the appellant has been deprived of some substantial right.  *p. 424.*

SAME.—*Special Verdict.—Weight of Evidence.*—Where a special verdict is returned, and a new trial is demanded on the ground that the verdict is not sustained by sufficient evidence, such special verdict is entitled to the same presumptions in its favor as are extended to a general verdict.  The Supreme Court will not weigh the evidence, nor attempt to decide a conflict in the testimony.  *p. 427.*

DEED.— *How Premises Sought to be Described May be Identified.*— For the purpose of identifying the premises sought to be described reference may be had to other conveyances, plats, lines, or records, well known in the neighborhood, or on file in public offices.  *p. 428.*

EVIDENCE.—*Deed.—Description.—Reference to Addition of Town.*— Where a deed, introduced in evidence for the purpose of locating a particular piece of land, locates the starting point of the description of the land by reference to an addition to a town, it is not necessary to introduce in evidence the plat of the addition, the existence and location of which is not in dispute.  *p. 429.*

ADVERSE POSSESSION.—*Erection and Maintenance of Telegraph Line by Railroad Company.*—The erection of a line of telegraph poles, and the maintenance and use of a telegraph line along the same by a railroad corporation, in the absence of other evidence of the intention of the railroad company to appropriate the strip of land between the telegraph poles and the right of way of the company, are not sufficient to authorize the conclusion that the interjacent strip of land has been appropriated by the railroad corporation, so as to give the corporation title thereto after twenty years.  *p. 429.*

APPEAL AND ERROR.—*Special Verdict.—Improper Interrogatory.— Harmless Error.*—Where a question and the answer thereto in a special verdict are improper, the error, if any, is harmless if the verdict is sufficient regardless of such question and answer.  *p. 430.*

SAME.—*Special Verdict.—When Party Cannot be Heard to Complain of Answer to Interrogatory.*—A party cannot be heard to complain of an answer which is directly responsive to a question submitted by him in a special verdict.  *pp. 430, 431.*

DEED.—*Mistake.*—*Correction.*—Where a mistake was made in a deed, a deed of correction and confirmation relates back to the time of the original conveyance, no new rights having intervened. *p. 431.*

From the Grant Circuit Court. *Affirmed.*

*N. O. Ross* and *G. E. Ross*, for appellant.

*A. E. Steele* and *J. A. Kersey*, for appellee.

DOWLING, J.—Action by appellee against appellant for damages occasioned by the wrongful appropriation of a strip of land claimed by appellee. Demurrer to complaint overruled. Motions to strike out parts of complaint, and to separate complaint into paragraphs, overruled. Answer in two paragraphs: The first being a general denial, and the second a special plea of twenty years occupancy by appellant and its predecessor and grantor, the Union and Logansport Railroad Company, adversely and under claim of title. Reply: (1) denial; and (2) that appellant and its predecessors and grantors never had possession beyond twelve feet from the middle of the railroad, in the direction of appellee's land. Trial by jury, special verdict at request of appellant, and judgment thereon. Upon the motion of appellant, the judgment first rendered and entered was so modified as to show that the sum recovered was for damages sustained by appellee by reason of the appropriation of the strip of land described in the judgment, and on account of the consequent injury to the adjoining lands of the appellee. Motions for a new trial by appellant, and for judgment in its favor on the special verdict. Both motions were overruled. Exceptions to the several rulings of the court were reserved.

The errors assigned and discussed by counsel for appellant are, (1) the overruling of the demurrer to the complaint; (2) the overruling of the motion to strike out parts of the complaint; (3) the overruling of the motion to separate the complaint into paragraphs; (4) the overruling of the motion for a new trial; (5) the overruling of appellant's motion for judgment on the special verdict; and (6) the decision of the

court in rendering judgment on the special verdict in favor of the appellee.

The complaint is by no means a model of good pleading, but it states that the plaintiff is the owner in fee of the land described, and that he was in the peaceable possession thereof under claim of title; it alleges the value of the land, and its wrongful appropriation by appellant; and it charges that appellee sustained damages thereby, for which damages judgment is demanded. This statement of facts is sufficient to withstand a demurrer, and the ruling of the court thereon was correct.

There was no available error in overruling the motion to strike out that part of the complaint which alleged that, in the use by the railway company of the switch or side-track constructed by it on the strip appropriated, "a great noise was kept up, and that such use occasioned confusion and detriment to the plaintiff" in the possession and enjoyment of his adjoining property. It is said in *Gill, Aud.*, v. *State, ex rel.*, 72 Ind. 266, that "this court has never reversed a judgment because of the refusal of the lower court to strike out of a pleading immaterial matter or surplusage." In *Petree* v. *Brotherton*, 133 Ind. 692, the decision goes still further, and declares that "it is well settled that a judgment will not be reversed on account of the failure of a court to sustain a motion to strike out parts of a complaint. Elliott's App. Proc. section 639." See also cases collected in 2 Woollen's Ind. Digest, 16472a. In the present case the ruling was not only correct, but it was harmless, as the special verdict shows that no damages were allowed on account of such noise and confusion.

The motion to separate the complaint into paragraphs was properly overruled. A single cause of action was stated, and there was no ground for the motion. Even if erroneous, such ruling would not have authorized a reversal, unless it appeared that the appellant had been deprived of some substantial right. Section 401 Burns 1894; *Wabash, etc., R. Co.*

v. *Rooker,* 90 Ind. 581; *Bear* v. *Knowles,* 36 Ohio St. 43; *Goldberg* v. *Utley,* 60 N. Y. 427.

We are next asked to reverse the judgment on the ground that the evidence is insufficient to sustain the special verdict.

The facts found by the verdict may be summarized as follows:

Appellee is the owner of the tract of land described in the complaint, beginning 125 feet south of the south line of Clark Wilcutt's addition to the town of Marion, in Grant county, Indiana; running thence west to the northeast line of appellant's railroad; thence in a southeasterly direction, on said northeast line of said railroad, to the west line of Branson street; thence north to the place of beginning, being part of the northeast fractional quarter of section seven, township twenty-four, range eight, in said county.   He acquired his title in 1886 by purchase from one David Horner, who put appellee in possession of the land.   Possession was held continuously by appellee until May 28, 1892, when appellant took possession of a strip thereof, of the average width of twenty feet by 183 feet, off the southwest side of said land. A misdescription in the deed executed by Horner was corrected in an action in the Grant Circuit Court, and a deed of correction was executed to appellee by a commissioner, in pursuance of the order of the court.   The land fronts toward the east, and abuts on Branson street, and on the eastern part thereof, on Branson street, there are five buildings, used as business houses, the rear ends of which extend westward, toward appellant's railroad.   Appellees's land, so occupied, extends westward from Branson street to a line seven (7) feet from the center  of the main track of appellant's railroad; said railroad running from the southeast to the northwest, from Branson street to Adams street, in Marion, and adjoining plaintiff's land on the south side thereof.   Appellant, with its corporate predecessors owned and operated a railroad from Branson to Adams street, running as aforesaid, for more than twenty years, prior to May 28, 1892, to

the width of fourteen (14) feet only. The center of the main track is the center of appellant's right of way. Until May 28, 1892, there was an open passage way, between twenty and thirty feet in width and 183 feet in length, on appellee's land on the southwest side thereof, adjoining appellant's railroad. It had been left open by appellee for the purpose of obtaining access with drays and other vehicles to the rear of his said buildings, to load, unload, and remove goods and materials used and dealt in by the persons carrying on business upon the said premises and said passageway was necessary for that purpose. Said passageway had remained unobstructed until May 28, 1892, when, without appellee's knowledge, before daylight in the morning, appellant entered upon and took possession of said strip and passageway, and constructed thereon a side-track extending the whole length thereof, parallel with its main track. The side-track so constructed partially obstructs said passageway, and ever since said 28th day of May, 1892, appellant has held possession of the strip of land so taken, and has used it as a part of its railroad. The property of appellee adjoining the strip of land so taken and used is damaged by such appropriation and use to the amount of $200, and the value of the land taken by appellant is $600.

The Union and Logansport Railroad was operated in 1867, and such road has been operated by said company and by appellant ever since. The main track of this railroad remains where it was first laid. On the 28th day of May, 1892, a side-track extended, northwestwardly, across Branson street, and connected with the main track between Adams and Branson streets, and it was there before 1886. A line of telegraph poles was maintained along the northeast line of the land in controversy prior to May 28, 1892, over which line wires were strung, forming a telegraph line, which was constantly used by appellant in operating its said railroad. The new side-track complained of was constructed between said line of telegraph poles and the main track of appellant's rail-

road.  Appellant's railroad, as constructed between Branson and Adams streets, was maintained and operated more than twenty years before May 28, 1892.  The value per foot on Branson street (extending back 183 feet) of the land on which the new track was built was $30 on May 28, 1892. There is land  between the new side-track  and  appellee's buildings of sufficient width for the passage of a wagon and team.     Nothing is allowed to appellee on account of the noise and confusion incident to the use of the new side-track by appellant.  The land in controversy was used by the public in passing from Adams street to Branson street for twenty years before May 28, 1892.

Where a special verdict is returned, and a new trial is demanded on the ground that the verdict is not sustained by sufficient evidence, such special verdict is entitled to the same presumptions in its favor as are extended to a general verdict.  In such cases the court will not weigh the evidence, nor attempt to decide a conflict in the testimony.  The jury trying the case are the exclusive judges of the credibility of the witnesses, and of the weight of the evidence, and it is their province to determine what facts are found.  They are presumed to have performed the duty imposed upon them by the law impartially, conscientiously, and intelligently. The verdict comes here with the approval and indorsement of the judge of the court in which the case was tried.  Great deference ought to be paid to a verdict so obtained, and so sanctioned and approved.   It is only when there is a failure of proof on some point material to the issue, and which is necessary to support the verdict, that this court will reverse the judgment, and send the case back for another trial.

Counsel for appellant insist that certain deeds introduced in evidence by appellee are void because of uncertainty in the description of the land conveyed, and because the exact location of certain starting points and boundary lines is not definitely and precisely fixed.  The grounds of these objections are not sufficient, in our opinion, to warrant us in overthrow-

ing the special verdict. Slight inaccuracies of this character in deeds are of frequent occurrence in this country, and are discovered in nearly every trial involving questions of title to lands. They ought not to be permitted to defeat substantial rights, where the description is sufficient to enable the court or jury trying the case to ascertain and identify the premises intended to be conveyed. For such purpose, when necessary, reference may be had to other conveyances, plats, lines, or records, well known in the neighborhood, or on file in public offices. The general rule in construing descriptions is that effect must be given to the intention of the parties to the deed, and, to that end, that shall be considered certain which can be made certain; for a grant shall not fail if the meaning can be spelled out. *Grigsby* v. *Akin*, 128 Ind. 591; *Pennington* v. *Flock*, 93 Ind. 378; *Key* v. *Ostrander*, 29 Ind. 1; *Meikel* v. *Greene*, 94 Ind. 344; *Gano* v. *Aldridge*, 27 Ind. 294; *Dunn* v. *Tousey*, 80 Ind. 288; *Pence* v. *Armstrong*, 95 Ind. 191; *Peck* v. *Mallams*, 10 N. Y. 509.

But there is neither inaccuracy nor uncertainty in the description of the land in the complaint, the deeds introduced by appellee, or the special verdict. Take, for example, the description of the land set out in the special verdict. Counsel for appellant assert that the starting point cannot be found. In this they are mistaken. One point in the description is at the intersection of the northeast line of the railroad with the west line of Branson street, and the boundary runs thence *north to the place of beginning.* Reference to the plat in evidence shows that a line so run would necessarily follow the west line of Branson street northward. The place of beginning, then, must be on the west line of Branson street somewhere north of its intersection with the line of the railroad. But the first line given fixes the point of beginning 125 feet south of Wilcutt's addition to the town of Marion. This "addition" is clearly a tract or plat, which a surveyor, or other person familiar with the business of ascertaining boundary lines, can readily find. Having found the starting point from

the description furnished by the deed itself, there is no difficulty in finding the next point, which is west from the starting point, and on the line of appellant's railroad. The jury found this line of the railroad to be seven (7) feet from the middle of the main track. From the point so established, the line runs in a southeastwardly direction along the said northeast line of said railroad to the west line of Branson street; and these three lines inclose the tract claimed by the appellee, and form its boundaries.

Any seeming uncertainty in the deeds introduced by the appellee disappears upon an examination of the boundaries, and it is found that in every instance these deeds furnish the means for the complete identification of the tract of land in controversy.

It was not necessary that a plat of Wilcutt's addition should be given in evidence. This plat was not a part of appellee's chain of title, but was referred to in some of the deeds as a well known, and definitely located, tract of land. Its existence and local situation were not disputed on the trial.

Counsel for appellant further contend that the appellee ought not to recover in this action for the reason that, before his purchase of the land in controversy, the appellant appropriated it for railroad purposes, by the construction and use of a telegraph line, consisting of poles and wires, along the northeast line of said strip of land, including between said poles and the roadbed of said railroad all of the land occupied by the side-track complained of.

The erection of a line of telegraph poles within the corporate limits of a city or town, and the maintenance and use of a telegraph line along the same by a railroad corporation, in the absence of other evidence of the intention of the railroad company to appropriate the strip of land between the telegraph poles and the line of the bed of the railroad, or the right of way of the company, are not sufficient, in our opinion, to authorize the conclusion that such interjacent strip of land has been appropriated by the railroad corporation. In

the present case no exclusive use of such strip of land by the railroad company was shown. On the contrary, it appeared that appellee, as the owner of the land, had constantly occupied and used it as a roadway, and for other purposes. The evidence established the fact that the extreme width of the right of way of the railroad company was but fourteen feet, and that the median line of the right of way was along the middle of the main track. This part of the verdict is wholly inconsistent with the claim of ownership of the strip in controversy set up by appellant, and the evidence supports the verdict.

The facts of the present case are easily distinguishable from those in *Prather* v. *Jeffersonville, etc., R. Co.*, 52 Ind. 16, and in *Prather* v. *Western Union, etc., Co.*, 89 Ind. 501; and we do not feel inclined, upon the proof before us, to extend the rule as to the constructive appropriation of land by railroad corporations.

Interrogatory number one propounded by appellee is objected to by appellant's counsel because it requires the jury to answer as to the ownership of the land in dispute. The interrogatory is in these words: "Is the plaintiff the owner of the land commencing," etc. ? It is insisted that the interrogatory calls for a conclusion of law, and not for a fact. The main issue in the case was the ownership of the land, and all the necessary primary facts of a purchase by appellee from a grantor in possession under a complete title, a delivery of possession to appellee, and continued occupancy by him, were found by the special verdict. If the interrogatory as to the ownership of the land was improper, the appellant can gain nothing from that circumstance, for the reason that the verdict on this branch of the case is sufficient, without the objectionable answer.

Appellant cannot be heard to complain of the statement in the special verdict as to the value per front foot on Branson street of the land taken by the railroad company. That statement was directly responsive to the following interroga-

tory submitted by appellant: "Int. 25.    What was the value per front foot on Branson street, extending back 183 feet, of the ground on which said new track was built, on the 28th day of May, 1892?"   "Ans. $30 per front foot."

No advantage can be taken by appellant of the error in the description of the land in the deed from Horner to appellee. It was averred in the complaint, and proved on the trial, that Horner intended to convey the premises described in the complaint, and that he put appellee in the possession of the same under his deed.   The mistake in the description was cured by the subsequent deed executed by the commissioner, under the order of the court, in an action brought by appellee against Horner to obtain such correction; and, as no new rights had intervened, the deed of correction and confirmation related back to the time of the original conveyance.

The evidence is sufficient to sustain the special verdict in every essential particular, and the verdict finds all the material facts required to support the judgment in favor of the appellee.

There being no error in the record, the judgment is affirmed.