Motion to dismiss overruled September 15, 1925, argued June 10, reversed July 6, rehearing denied September 14, 1926.

## VICTOR BLOECH *v.* HYLAND HOMES COMPANY ET AL.

(247 Pac. 761.)

**Frauds, Statute of—Contract to Sell Realty Held to Sufficiently Describe It to Satisfy Statute.**

1.  Contract to sell realty *held* to sufficiently describe it to satisfy statute as, "All of lot eight (8) in block forty-one (41) in Taylors Astoria, according to the recorded plat thereof."

**Frauds, Statute of.**

2.  Description of realty in deed or other writing by which it can be identified with reasonable certainty, with or without extrinsic evidence, is sufficient.

**Vendor and Purchaser.**

3.  Description of realty by contract of sale is sufficient, though contained in separate document, if properly referred to.

**Evidence.**

4.  Where description of land in contract of sale is general, land to which description applies may be shown by parol evidence.

**Evidence.**

5.  Generally, extrinsic evidence may be resorted to for purpose of applying description given in contract of sale, but not for purpose of supplying description, notwithstanding parol evidence rule.

---

2.  See 8 R. C. L. 1073.
4.  See 27 R. C. L. 317.

**Vendor and Purchaser.**

6. Omission of county, state, city, town, or village is not fatal to description of realty, where writing contains other facts from which property may be identified.

**Frauds, Statute of.**

7. Contract to sell land was not insufficient under statute because it did not show seller was owner.

**Frauds, Statute of.**

8. Contract expressing agreement to paint three houses as consideration for agreement to convey lot *held* sufficient under statute.

**Vendor and Purchaser.**

9. Realty company *held* bound to convey lot by contract providing that in consideration of conveyance and $150 other party agreed to do certain painting, and that if certain work was not ordered, deed would be issued on repayment of the $150.

**Appeal and Error.**

10. Appeal will lie from decree improperly sustaining demurrer to complaint in suit for specific performance.

**Reformation of Instruments.**

11. Written contract may only be reformed to make it express real agreement of parties, not to make new contract.

Appeal and Error, 3 **C. J.**, p. 483, n. 14.
Deeds, 18 **C. J.**, p. 180, n. 91, 93, 94, p. 181, n. 3, 4, 7, p. 184, n. 38, 49.
Evidence, 22 **C. J.**, p. 1263, n. 12, 20, p. 1271, n. 77, p. 1272, n. 79.
Frauds, Statute of, 27 **C. J.**, p. 270, n. 79, p. 273, n. 97, 98, 99, 2.
*Id certum est quod certum reddi potest,* 31 **C. J.**, p. 253, n. 89.
Specific Performance, 36 **Cyc.**, p. 773, n. 52.
Vendor and Purchaser, 39 **Cyc.**, p. 1208, n. 43, p. 1224, n. 44, p. 1225, n. 45, p. 1226, n. 47, 49, p. 1227, n. 51.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

This is a suit for the specific performance of a contract between the plaintiff and the defendant Hyland Homes Company, by which it is alleged that the defendant agreed to sell, and the plaintiff agreed to purchase for an agreed consideration, a certain lot.

11. See 23 **R. C. L.** 309.

A second amended complaint was filed. The defendants demurred to the pleading upon the grounds that the same did not state facts sufficient to constitute a cause of suit.

The demurrer was sustained by the trial court, the plaintiffs failed to plead further and the court dismissed the suit. The plaintiff appeals to this court assigning error in sustaining the demurrer to the amended complaint and dismissing the suit.

The contract, which is the basis of this suit, which is attached to the amended complaint as an exhibit, as far as material to this suit, is as follows:

"THIS AGREEMENT made and entered into the first day of August in the year 1916 by and between the parties hereto WITNESSETH:—that the Hyland Homes Company a corporation (by its President, George M. Hyland) hereafter known as the party of the First Part and Victor Bloech hereafter known as the party of the Second part, agreed and contracted as follows:

"That for and in consideration of a warranty deed to Lot 8 (eight) Block 41 (Forty-one) Taylors Astoria according to the recorded plat thereof and the sum of One hundred and Fifty (150) dollars in hand paid, receipt of which is hereby acknowledged by the party of the second part.

"The said second party agrees to do all painting and tinting (according to specifications hereto attached) of three houses one on each of the following lots: Lot 3 Block 35; Lot 4 Block 42; Lot 14 Block 41; and designated by plans as Houses Number 1; 3; and 5 in a workmanlike manner and to the satisfaction of the party of the first part; and further agrees to do such additional work as the said party of the first part may designate in the sum of One Hundred and fifty (150) dollars. Should such additional work not be ordered or arranged for by the time of the completion of the three houses above described, then said party of the second part shall repay to said party of the first part the said sum of One Hundred and fifty

dollars at· which time the aforementioned warranty deed together with a receipt in full for the payment of all street improvements shall be issued by the said party of the first part to the party of the second part."

"IN WITNESS Whereof the parties hereto have hereunto set their hands and seals this 11th day of January in the year 1917.

"(Signed) HYLAND HOMES Co.
"GEO. M. HYLAND, Pres.,
"Party of the First Part.
"VICTOR BLOECH,
"Party of the Second Part.

"Witnesses:
"E. W. KARRY.
"H. T. PRAIL."

The specifications are headed thus:

"SPECIFICATIONS
for the painting of House No. one on Lot 14, Block 41, House No. 3 Lot 3 Block 35; and House No. 5 on Lot 4 Block 42 Taylors Astoria. E. N. Larry Architect. Astoria, Oregon."

The plaintiff alleges in substance that the contract was for the sale and purchase of all of lot 8 in Block 41 in Taylors Astoria, an addition within the corporate limits of the City of Astoria, Clatsop County, State of Oregon, as said addition was laid out and recorded. Plaintiff avers:

"That at and before the making and execution and signing of said agreement shown by the copy thereof hereto attached, marked 'Plaintiff's Exhibit A' and made a part of this second amended complaint, plaintiff and defendant Hyland Homes Company intended that said written instrument should describe and provide for the sale to plaintiff by defendant Hyland Homes Company of the real property described and referred to in paragraph IV of this second amended complaint, as follows:

"All of lot eight (8) in block forty-one (41) in Taylors Astoria, an addition within the corporate

limits of the City of Astoria, Clatsop County, Oregon, as the said addition was laid out and recorded by the Peninsular Land & Trust Company and the Hammond Lumber Company.

"That through a mutual mistake of the plaintiff and defendant Hyland Homes Company, the said written contract which is shown by a copy thereof hereto attached, marked 'Plaintiff's Exhibit A' and made a part of this second amended complaint, did not, and does not fully set out and describe the real property intended by plaintiff and defendant Hyland Homes Company, and which said defendant agreed to sell to plaintiff and which defendant agreed to purchase from and accept in payment for the painting of said three houses, and which real property is described as follows:

"All of lot eight (8) in block forty-one (41) in Taylors Astoria, an addition within the corporate limits of the City of Astoria, Clatsop County, State of Oregon, as said addition was laid out and recorded by the Peninsular Land & Trust Company and the Hammond Lumber Company, but was described as set out and shown by the copy of said contract which is hereto attached, marked 'Plaintiff's Exhibit A' and made a part of this second amended complaint."

Plaintiff also avers that he tendered to defendant Hyland Homes Company payment of $150, and brings that sum into court, and the further sum of $4 covering an assessment on the lot paid by defendants.

The trial court sustained a demurrer to the first amended complaint upon the specific ground that the alleged writing was insufficient under the statute of frauds.

Plaintiff avers that he performed all the terms of said contract and painted the three houses; that the additional work referred to in the contract was not ordered; that when plaintiff completed the painting he tendered payment of $150 to defendant Hyland Homes Company and demanded a deed to the real

estate, and that defendant refused to accept said sum and put plaintiff off with promises of the execution and delivery of the deed to the real property to plaintiff and the acceptance of the money from time to time until March, 1920, when said defendant refused to convey said real property to plaintiff or perform the terms of the agreement.

That about March 3, 1920, said defendant, in violation of its agreement, executed and delivered to defendants Edward E. Gray and Edna Ida Gray, a deed of conveyance of said real property which deed was thereafter recorded in the record of deeds of Clatsop County, Oregon. That the legal title to the lot was taken by defendant Gray in trust for plaintiff under some plan or arrangement with Hyland Homes Company, subject to the terms of the agreement to the contract between plaintiff and Hyland Homes Company; that plaintiff has demanded of the Grays that they convey the property to him, but that each of defendants have refused so to do.

REVERSED.    REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Lewis, Lewis & Finnigan* and *Mr. James W. Mott*, with an oral argument by *Mr. J. B. Finnigan.*

For respondents there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Edward E. Gray.*

BEAN, J.—1. The main question presented in the case is based upon the contention of defendants that the written contract "is void under the statute of frauds" for the reason the description of the realty is insufficient. The description of the lot in the contract is "That for, and in consideration of a warranty deed

to Lot 8 (eight) Block 41 (forty-one) Taylors Astoria according to the recorded plat thereof."

2. Astoria is an important city in Clatsop County, Oregon, with a national history. It is well known that "Taylors Astoria" is a part of Astoria. If any one lacks such knowledge it can be obtained by a reference to the official charter of the City of Astoria filed pursuant to statute, in the library of this court. See charter of Astoria, page 2. Any description of real estate in a deed or any other writing in relation to real estate by which the property can be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient.

Undoubtedly, a surveyor, or any business man well acquainted in Astoria, could locate "Taylors Astoria." When this is done, in the instant case, we have the numbers of the lot and block, which any surveyor could easily locate and describe the boundaries: *House* v. *Jackson,* 24 Or. 89, 97 (32 Pac. 1027); *McMaster* v. *Ruby,* 80 Or. 476, 485 (157 Pac. 782); *Hoffman* v. *Dorris,* 83 Or. 625 (163 Pac. 972); *Hardy* v. *California Trojan Co.,* 109 Or. 76, 81 (219 Pac. 197); *Talbot* v. *Joseph,* 79 Or. 308, 313 (155 Pac. 184).

3. In *Bogard* v. *Barham,* 52 Or. 121 (96 Pac. 673, 132 Am. St. Rep. 676), it was held sufficient in a deed, or other instrument affecting real property, when the descriptions were "my 15-acre farm located one mile north of Woodburn, Marion County, Oregon" and "his five-acre residence property lying west of the Catholic Church." The description in the contract under consideration, in the case at bar, is definite enough to show clearly what the purchaser was contracting to buy and what the vendor intended to sell. The description may be partly contained in a separate document, which if referred to in the other portions of

the written contract so as to connect them, becomes a constituent part thereof. A description of the subject matter in such a contract is sufficient when it complies with the maxim, *id certum est certum reddi potest:* Pomeroy, Spec. Performance, §§ 152, 153.

If a tract of land has acquired a name to distinguish it, and by which it is known, and there is no other tract of the same name in that locality it may be conveyed by such name. How much more appropriate it is to refer to a well-known addition to a city by its name and refer to the recorded plat thereof, which thereby becomes a part of the description: *House* v. *Jackson, supra,* at page 97; *Pittsburg* v. *Beck,* 152 Ind. 421 (53 N. E. 439); *Harkey* v. *Cain,* 69 Tex. 146 (6 S. W. 637); 18 C. J., §§ 62, 181, and notes; *Paroni* v. *Ellison,* 14 Nev. 60.

It has been held that "lot 36 in the town of Webb" is sufficiently definite in a trust deed where it can be identified by other matter (see note A) in the deed and acknowledgment: *Wilkinson* v. *Webb,* 75 Miss. 403 (23 South. 180).

In *Hyland* v. *Oregon Agr. Co.,* 111 Or. 212 (225 Pac. 728), at page 730, we find quoted from *Sommer* v. *Island Merc. Co.,* 24 Or. 214 (33 Pac. 559), the following:

"A description is sufficient if it may be aided by parol proof, and the identical property covered by the mortgage identified. Parol proof is admissible to apply the description, but not to enlarge it. The description itself is conclusive as to what it is, but outside evidence is admissible to apply the description to the property mortgaged."

Also in *Knight* v. *Alexander,* 42 Or. 521 (71 Pac. 657), it is said:

"Courts do not permit parol evidence to be given to describe the property intended to be included in the

contract, and then apply such description to the terms thereof.''

See, also: *Joyce* v. *Tomasini,* 168 Cal. 234 (142 Pac. 68); *Guyer* v. *Warren,* 175 Ill. 328 (51 N. E. 580); *Warner* v. *Marshall,* 166 Ind. 88 (75 N. E. 582); *Bush* v. *Black,* 142 Ga. 157 (82 S. E. 530); *King* v. *Kaiser,* 126 Md. 213 (94 Atl. 780).

4. Where the description of land in such a document is general, the particular subject matter to which the description applies may be acsertained by parol evidence: 2 Devlin on Deeds (3 ed.), § 1912, p. 1919.

The contract in the instant case contains every essential. It gives the names of the vendor and vendee, expresses the consideration, which is painting three houses for the seller, and describes the lot to be conveyed by the Hyland Homes Company sufficiently to be clearly identified: *Pelletreau* v. *Brennan,* 113 App. Div. 807 (99 N. Y. Supp. 955). In the latter case, the description of real estate in a memorandum of sale was ''Clinton and Joralemon Street'' and it was held sufficient in a suit for specific performance that the land could be identified and fully described by evidence *dehors.* ''As the parties were dealing in the city of New York the legal inference is that the contract refers to land there.''

5, 6. Generally extrinsic evidence may be resorted to for the purpose of applying the description given in the instrument, but not for the purpose of supplying such description. Evidence to apply the description does not contradict nor add to the writing. An omission in an instrument of the county, state, city, town or village wherein real property is located is not fatal to the description, where the writing contains other facts from which the property may be located and identified with sufficient certainty to sat-

119 Or.—20

isfy the statute of frauds: *Allen* v. *Kitchen*, 16 Idaho, 133 (100 Pac. 1052, 18 Ann. Cas. 914, L. R. A. 1917A, 563); *Cooper* v. *Pierson*, 212 Mich. 657 (180 N. W. 351); *Denison-Gholson Dry G. Co.* v. *Hill*, 135 Tenn. 60 (185 S. W. 723). Frequently the courts have upheld the description by drawing inferences from the remainder of the writing, by indulging in presumptions arising from the residence of the parties, and by applying their judicial knowledge that there can be in the state only one such tract or place as that described: 27 C. J. 273, § 324.

7. Counsel for defendants criticises the contract for the reason it does not show that Hyland Homes Company was the owner of the lot at the time the contract was made. That is immaterial. A contract to sell and convey land, which is otherwise definite and certain, is not insufficient under the statute of frauds for the reason it does not specify the owner of the tract to be conveyed: 27 C. J. 273, § 325.

8. The description of the lot agreed to be sold by defendant Hyland Homes Company to plaintiff in the contract is the same as the description of the lots ' upon which the three houses which the plaintiff agreed to paint are situate. It appears the plaintiff had no difficulty in locating the houses. It is alleged in the complaint that he painted them. We think this is a sufficient consideration for the sale of the lot. The consideration is mentioned in the agreement.

9. Counsel for defendants also claim that the defendant Hyland Homes Company is not bound by the contract. The contract specifically stipulates that should the additional work not be ordered at the completion of the three houses, the Hyland Homes Company, upon repayment of the $150, will issue the aforementioned warranty deed, together with the receipt in full for the payment of all street improve-

ments to plaintiff Bloech. It is said that the officer of the defendant Hyland Homes Company wrote the contract. This provision to issue a warranty deed "by the party of the first part to the party of the second part" seems plain. There is no merit in the contention.

10. The allegations of the complaint and the specifications for the work to be done upon the three houses attached to, and made a part of the contract of sale, clearly demonstrate that the defendant Hyland Homes Company, for the expressed consideration, agreed to sell and convey by warranty deed to plaintiff, lot 8 in Block 41, Taylors Astoria, an addition within the corporate limits of the City of Astoria, Clatsop County, State of Oregon, as said addition was laid out and recorded in the records of Clatsop County. It was error for the trial court to sustain the demurrer to the amended complaint. There is no question but that the plaintiff has the right of appeal from the judgment and decree so entered. No laches appear upon the face of the complaint.

Defendants in support of their contention that the description of the realty is insufficient under the statute of frauds, cite among others the case of *Woolsey* v. *Draper,* 103 Or. 103 (201 Pac. 730, 203 Pac. 582), which was a suit for specific performance of an oral contract to exchange lands; there were letters which did not constitute a contract of sale or exchange. The case is not in point.

In a supplemental brief defendants cite *Klasky* v. *Burkheiser,* 225 Mich. 121 (195 N. W. 695), in which the suit was based upon a receipt as follows: "Received from Perry Klasky, ten dollars, as deposit on sale of lot 21, block 1, John M. Dwyer—sub." In the receipt for $10 there was no reference to a public record as in the case at bar. The case is not at all

in point to support defendant's claim. There were three cases mentioned in the opinion which appear to support plaintiff's case. In principle the case of *Watts* v. *Warner,* 151 Tenn. 421 (269 S. W. 913), cited by defendant supports plaintiff's position in part.

11. We question the necessity of reforming the written contract as prayed for by plaintiff. Should it be deemed essential it should be remembered that such correction is made for the purpose of making the writing express what the agreement made by the parties actually was, and not for the purpose of making a new contract, or stipulation that was not really made and intended by the parties to be integrated in the writing.

The decree of the Circuit Court must be reversed and the cause will be remanded for such further proceedings as may be deemed proper, not inconsistent herewith.

REVERSED AND REMANDED.   REHEARING DENIED.

COSHOW, BROWN and BELT, JJ., concur.