Argued March 4, affirmed May 20, 1964

# MEADOWLARK INVESTMENT CORPORATION
## *v.* CROENI ET AL

### 392 P. 2d 327

*Nathan J. Heath,* Portland, argued the cause for appellant. With him on the brief were Lloyd W. Weisensee, Jerome R. Barton, and Gray, Fredrickson & Heath, Portland.

*Paul M. Reeder,* Hillsboro, argued the cause and filed a brief for respondents Al Croeni, Administrator of the estate of Susan Lehman, deceased, Lawrence Lehman and Leah Lehman.

No appearance for respondents Isabelle Lovegren and Katherine Becker.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

Plaintiff, a real-estate investment corporation, seeks to enforce an earnest-money agreement entered into with a landowner who died after announcing her intent not to perform. The trial court denied specific performance in a suit against the administrator of the seller's estate and the plaintiff appeals.

In 1960, the president of Meadowlark was approached by a real-estate salesman who was seeking a buyer for certain land situated in Washington County. The property had been listed with a broker for sale. The trial court found that an offer to sell, set forth in the earnest-money receipt, was accepted by the plaintiff. This finding is not now disputed.

■ The trial court thought the seller had made an improvident bargain, but declined to enforce it, pri-

marily for the reason that the description of land in the earnest-money receipt was too indefinite to be enforced by a decree of specific performance. See *Knight v. Alexander,* 42 Or 521, 71 P 657 (1903). We shall disregard the questions concerning the equity of the agreement and consider only its sufficiency as a contract.

The agreement contained this description:

"Residence and property belonging to Susan Lehman located at 3805 N. W. Saltzman Road Portland 10, Oreg. Said property consists of approx. 39 acres and fronts on two sides of N. W. Thompson Road and one side by Saltzman Road. Legal description to follow.

"\* \* \* \* \*

"\* \* \* Seller to furnish perimeter survey \* \* \*."

The seller's land at the location in question actually contained slightly more than 46 acres. The trial court could not discern from the agreement which 39 of those acres the parties intended to buy and sell. Neither can this court.

The post office address (3805 N. W. Saltzman Road, Portland 10, Oregon) adds nothing to the description when the land to be sold is a part of a larger tract generally sharing the same postal address. Three physical boundaries (N. W. Thompson Road on two sides, and Saltzman Road on one side), which ordinarily would be of some value in identifying the land to be sold, in this case apply as well to the entire tract. The approximate acreage is a clue to the intent of the parties, but in this case the question remains, what 39 acres?

■ Plaintiff offered to prove by extrinsic evidence

that at one time the seller had prepared a description carving out 39.6 acres of the 46-acre tract. The description was found in an old deed to which no reference was made in the earnest-money agreement. The deed was offered in evidence under the equity rule, but the trial court properly refused to give it any evidentiary value. "Generally extrinsic evidence may be resorted to for the purpose of applying the description given in the instrument, but not for the purpose of supplying such a description." *Bloech v. Hyland Homes Co. et al.,* 119 Or 297, 305, 247 P 761 (1926); *Knight v. Alexander,* supra.

Equity will not decree specific performance of a contract unless the contract is definite, certain, and complete. Equity cannot make a contract for the parties. *Smith v. Vehrs,* 194 Or 492, 499, 242 P2d 586 (1952). See also 32 Or L Rev 267 (1953).

Accordingly, there was no error in denying specific performance. Since the decree is affirmed, it is not necessary to notice other grounds urged by the respondent in its support. Neither is it necessary to discuss an assignment of error challenging an award of the property in question to one of the defendants in this case. Since the plaintiff is not entitled to specific performance, it is immaterial to the plaintiff to whom the property eventually was decreed.

Affirmed, costs to neither party.