517 P.2d 1026

Robert D. DAVISON et al., Plaintiffs and Respondents,

v.

Arnold B. ROBBINS et al., Defendants and Appellants.

No. 13317.

Supreme Court of Utah.

Dec. 21, 1973.

George E. Mangan of Sam & Mangan, Roosevelt, for defendants-appellants.

Richard G. Brown of Strong, Poelman & Fox, Salt Lake City, for plaintiffs-respondents.

CALLISTER, Chief Justice:

Plaintiffs initiated this action seeking specific performance of an agreement, denominated a real estate contract and receipt for deposit, which defendants had signed. Upon trial before the court, a decree ordering specific performance was entered. Defendants appeal therefrom.

Defendants, who are residents of Utah, are owners as joint tenants of certain real property situated near Duchesne, Utah. Plaintiffs are residents of California. During September, 1970, while visiting Duchesne, plaintiffs discussed purchasing defendants real property at the price of $90 per acre. In October, plaintiffs ordered a preliminary title report from Stanley & Sons, Inc., of Heber City, Utah. On November 20, 1970, plaintiffs returned to Utah with a California real estate broker, Roy Vickery, for the purpose of executing a purchase contract. The trial court found that initially defendants had expressed a willingness to sell all the property, but defendants refused to execute an agreement with such provisions and expressed a desire to reserve from the sale a parcel encompassing the "bottom land." Plaintiffs, their agent, Vickery, and Mr. Robbins traveled to the subject property, where Mr. Robbins indicated the boundaries of the area he wished to reserve. The witnesses for plaintiffs testified that Mr. Robbins pointed to certain fence lines, posts, and U. S. Highway 40 to delineate the property to be retained; Mr. Robbins vigorously denied this testimony, but the findings of the trial court reflect a belief in the plaintiffs' version of the transaction. Mr. Vickery

thereafter drafted a document which the defendants signed. Plaintiffs delivered a copy of the agreement, together with a check for $1,000, to Stanley & Sons, Inc., of Heber City, the designated escrow agent. The check has remained in Stanley's trust account, pending completion and performance of the contract.

Under the terms of the agreement, defendants were to order a survey of the property to determine the net acreage to be conveyed after deduction of the reserved area. According to the findings of fact, Stanley contacted defendants on numerous occasions to request that the survey be made. Initially, defendants responded that they were unable to procure a survey due to adverse weather conditions or the unavailability of surveyors. Approximately six or eight months later defendants refused to perform, claiming that they had never agreed to sell the property, or, in the alternative, that under the agreement they were entitled to reserve as much acreage as they desired. Prior to trial, defendants indicated that they had elected to reserve from the sale all of their property except for one acre.

The trial court found the contract valid and enforceable and that plaintiffs were entitled to specific performance. The trial court decreed that the land to be conveyed was as described in the preliminary title report except for the area reserved, which was described by the landmarks identified by the witnesses for plaintiffs. The court ordered that a survey be made to determine the net acreage to be conveyed to plaintiffs.

On appeal, defendants contend that the land to be conveyed was not described with sufficient certainty to permit specific performance, and that the trial court erred in admitting parol evidence to ascertain defendants' intention to reserve certain land within existing landmarks. Defendants claim that the trial court modified the contract under the guise of construction.

The agreement signed by the parties was a standard printed form, which indicated by its language that it was designed for use in California. Roy Vickery, a California real estate agent, was brought by plaintiffs to this state to complete this form. In the space provided for a description of the property, the following was written:

legal description to be prepared by licensed civil engineer after survey ordered by seller and paid for equally by both parties hereto, land being sold consists of approx. 150 acres selling at $90.00 per acre on the exact net acreage delivered in escrow.

In a space provided for other terms, the following was written:

Property in question is briefly described in preliminary title report No. U–102434, Schedule A, issued Oct. 24, 1970 by Stanley and Sons, Inc. of Heber

City, Utah, *less any acreage reserved by seller. Offer contingent upon buyers approval of net acreage description* and grant deed executed and deposited in escrow. [Emphasis added.]

Defendants urge that the terms of the agreement are clear and unambiguous, and the court must determine the intention of the parties as expressed within the four corners of the document. Defendants were granted the right to determine the amount of the acreage they desired to reserve, and plaintiffs were granted the right to refuse if they disapproved of the net acreage. Defendants contend that such provisions constitute merely an agreement to agree in the future. Defendants claim that the trial court erred in admitting parol evidence indicating defendants' intention to reserve certain land within existing landmarks, an intention contrary to that expressed within the agreement. Defendants persuasively assert that if the parties had intended the area to be reserved was to be delineated by the suggested landmarks, such could have been expressed in the agreement. Instead, plaintiffs' representative, Mr. Vickery, drafted the agreement, leaving the matter of the reservation of the acreage open to future agreement.

In Calder v. Third Judicial District Court,[1] the vendor counterclaimed for specific performance of a contract, where-in the vendee was to select 200 acres of land from a larger tract which was sufficiently described. The issue was whether the description was sufficient so that there was a valid contract which could be enforced by specific performance. This court cited Scanlon v. Oliver,[2] wherein the court explained the relevant distinctions between two types of cases. In one, the contract grants one party the exclusive right of selection, and the contract thus provides a definite means by which the location and description of the land may be definitely determined without any further agreement of the parties. In the other type, the writing provides that the particular piece of property to be conveyed is to be mutually agreed upon by the parties, i. e., the mode provided for the location and description of the land is the future agreement of the parties. In the Calder case this court concluded that the writing constituted a valid and enforceable contract, since the agreement provided that the vendee was to select the land within a given time, and nothing more had to be agreed upon between the parties.

In the instant action, the agreement in clear and unambiguous terms provided that the location and description of the land to be conveyed was subject to the future mutual agreement of the parties. This writing constituted a mere expression of a purpose to make a contract in the fu-

1. 2 Utah 2d 309, 273 P.2d 168 (1954).

2. 42 Minn. 538, 44 N.W. 1031 (1890).

ture, for the whole matter was contingent on further negotiations. The trial court erred in its conclusion that the writing constituted a valid, enforceable contract.

Defendants further contend that the agreement does not describe the property to be reserved with sufficient certainty to support a decree of specific performance, and the trial court erred in admitting parol evidence to cure this defective description.

 Parol evidence is admissible to apply, not to supply, a description of lands in a contract. Parol evidence will not be admitted to complete a defective description, or to show the intention with which it was made. Parol evidence may be used for the purpose of identifying the description contained in the writing with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated, and supplying a description thereof which they have omitted from the writing. There is a clear distinction between the admission of oral and extrinsic evidence for the purpose of identifying the land described and applying the description to the property and that of supplying and adding to a description insufficient and void on its face.[3]

The statement in Allen v. Kitchen[4] is applicable to the instant action:

In the case at bar, there is no reference to any record or external or extrinsic description from which a complete description could be had, and no natural object or permanent monument is referred to in the writing, nor is any well and generally known point, place, or locality described or used as a tie. The evidence to be introduced would not be that of identification of a description, good on its face; but it would be for the purpose of supplying, completing, and perfecting a description on its face insufficient and incapable of application.

In Pitcher v. Lauritzen[5] this court ruled that a contract to purchase real property lacked certainty, and the court could not compel specific performance thereof. The contract did not provide with certainty which 30 acres of the defendant's tract of 189 acres were to be conveyed to plaintiffs.

In the instant action, the description of the land to be conveyed is insufficient, and the trial court erred in its decree compelling specific performance. The judgment

3. Allen v. Kitchen, 16 Idaho 133, 100 P. 1052 (1909) ; Brooks v. Allard, 244 Cal.App.2d 283, 53 Cal.Rptr. 82 (1966) ; Corona Unified School District of Riverside County v. Vejar, 165 Cal.App.2d 561, 332 P.2d 294 (1959) ;

Brudvig v. Renner, 172 Cal.App.2d 522, 342 P.2d 276 (1959) ; Herrmann v. Hodin, 58 Wash.2d 441, 364 P.2d 21 (1961) ; Meadowlark Investment Corporation v. Croeni, 237 Or. 535, 392 P.2d 327 (1964).

4. Note 3, supra, at p. 1055 of 100 P.

5. 18 Utah 2d 368, 423 P.2d 491 (1967).

of the district court is reversed, and this cause is remanded for disposition in accordance with this opinion. Costs are awarded to defendants.

HENRIOD, ELLETT and TUCKETT, JJ., concur.

CROCKETT, J., concurs in result.